UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORREY MITCHELL,<br><br>                              Plaintiff,<br><br>v.<br><br>LT. G. HOPPER, et al.,<br><br>                              Defendants. | Case No.: 19-CV-006 JLS (LL)<br><br>**ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS, (2) ADOPTING REPORT AND RECOMMENDATION, AND (3) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF Nos. 13, 27) |

Presently before the Court is Defendants G. Hopper, R. Luna, and A. Daniel's Motion for Summary Judgment (ECF No. 13). Also before the Court is Magistrate Judge Linda Lopez's Report and Recommendation, which recommends that the Court grant Defendant's Motion ("R&R," ECF No. 27). Plaintiff filed Objections to the R&R ("Objs.," ECF No. 28), to which Defendants filed a Reply ("Reply," ECF No. 29). After considering the Parties' arguments and the law, the Court (1) **OVERRULES** Plaintiff's Objections, (2) **ADOPTS** the R&R in its entirety, and (3) **GRANTS** Defendants' Motion for Summary Judgement.

///

# BACKGROUND

Magistrate Judge Lopez's R&R contains an accurate recitation of the relevant factual and procedural history underlying the instant Motion. *See* R&R at 1–5. This Order incorporates by reference the background as set forth therein.

# STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's report and recommendation. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980). In the absence of a timely objection, however, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Ct.*, 510 F.2d 196, 206 (9th Cir. 1974)); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.") (emphasis in original).

# ANALYSIS

In their Motion for Summary Judgment, Defendants argue that Plaintiff failed to exhaust his administrative remedies. *See generally* Mot. Magistrate Judge Lopez agreed, finding that Plaintiff "did not submit [his] Appeal . . . or any grievance regarding his claims against Defendants in this action to a Third Level of Review prior to filing this action." R&R at 8. As Judge Lopez noted, "Plaintiff d[id] not contest" that he did not submit his grievance to the Third Level. *Id.* Plaintiff instead argued in his Opposition to Defendants' Motion for Summary Judgment that he was not required to submit his appeal to the Third Level of Review. *Id.* (quoting ECF No. 15 at 7, 9). Judge Lopez rejected Plaintiff's arguments. First, Judge Lopez concluded that submitting a grievance to the Third Level was required despite the fact monetary compensation is outside the scope of the grievance

process. R&R 8–9. Second, Judge Lopez concluded that the facts in the record and applicable case law did not support Plaintiff's assertion that he was satisfied with the Second Level result and thus did not have to submit his grievance to the Third Level. R&R 9–12.

Plaintiff makes two objections to Judge Lopez's findings. First, Plaintiff contends that on the merits of his First Amendment retaliation claim, there are genuine disputes of material facts making summary judgment inappropriate. Objs. 1–3. But Judge Lopez did not reach the merits in granting summary judgment because the record showed Plaintiff did not exhaust his administrative remedies. *See generally* R&R. The Court cannot reach the merits without first concluding Plaintiff satisfies this threshold issue. Thus, the Court **OVERRULES** Plaintiff's first objection.

Second, Plaintiff's objects to Judge Lopez's finding that Plaintiff did not exhaust his administrative remedies. Objs. 3–5. Plaintiff contends that Judge Lopez's finding that he was unsatisfied with the Second Level Review is incorrect. *Id.* Plaintiff contends that he was dissatisfied with the result of the First Level of Review because he had not reviewed the pertinent documents. *Id.* at 4. After he reviewed the documents, he was satisfied with the result of the Second Level Appeal because his concern that prison officials were trying to cover up their misconduct was "no longer an issue as it was at the First Level." *Id.* Plaintiff asserts he was also satisfied because he received the requested investigation into staff misconduct at the Second Level. *Id.*

Despite Plaintiff's contentions that he was satisfied with the Second Level of Review, the Court must agree with Magistrate Judge Lopez's conclusion that this is not sufficient to excuse his failure to exhaust available administrative remedies. *See* R&R at 9. Although Plaintiff was able to review the documents and an investigation was conducted, he was denied his requested relief for monetary damages and for a finding of misconduct against Defendants—thus, Plaintiff did not receive a favorable ruling concerning these forms and relief. *See id.* at 10. Further, after this ruling, Plaintiff was advised that to exhaust his administrative remedies, he must submit his complaints to the

Third Level of Review. *Id.* at 11.  Plaintiff's assertion that he was still satisfied despite being denied this relief does not excuse his failure to appeal those ruling to the Third Level. *See id.* at 10 (citing *Cunningham v. Ramos*, No. C 11-0368 RS PR, 2011 WL 3419503, at *4 (N.D. Cal. Aug. 4, 2011) ("Mere contention of satisfaction is not sufficient.")).  The Court therefore **OVERRULES** Plaintiff's second objection.

In conclusion, after *de novo* review, the Court **OVERRULES** Plaintiff's Objections. Having concluded that Plaintiff failed to exhaust his administrative, the Court **ADOPTS** the R&R in its entirety.

## CONCLUSION

Based on the foregoing, the Court:

1. **OVERRULES** Plaintiff's Objections (ECF No. 28);
2. **ADOPTS** the R&R in its entirety (ECF No. 27); and
3. **GRANTS** Defendant's Motion for Summary Judgement on Plaintiff's claims (ECF No. 13).  The Clerk of Court shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: August 25, 2020

Hon. Janis L. Sammartino
United States District Judge