UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORREY MITCHELL,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>LT. G. HOPPER, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 19-cv-006 JLS (LL)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>(ECF No. 39) |

Presently before the Court is Plaintiff Correy Mitchell's Request for Reconsideration by the District Court Judge's Ruling Granting Defendant's Motion for Summary Judgment on Plaintiff's Claims ("Mot.," ECF No. 39). After reviewing Plaintiff's arguments and the law, the Court **DENIES** Plaintiff's Motion for Reconsideration.

## BACKGROUND

On January 2, 2019, Plaintiff Correy Mitchell, a state prisoner proceeding *pro se*, commenced this action under the Civil Rights Act, 42 U.S.C. § 1983. ECF No. 1. On January 25, 2019, the Court granted Plaintiff IFP status. ECF No. 3.

On September 27, 2019, Plaintiff filed a First Amended Complaint. ECF No. 12 ("FAC"). Plaintiff alleged Defendants violated his First and Eighth Amendment rights during an attack on Plaintiff while he was housed at Centinela State Prison. *Id*. ¶¶ 9–22. On October 23, 2019, Defendants filed a Motion for Summary Judgment alleging Plaintiff

failed to exhaust his administrative remedies. *See* ECF No. 13. On July 1, 2020, Magistrate Judge Linda Lopez issued a report and recommendation ("R&R") recommending Defendants' motion for summary judgment be granted. ECF No. 27. Plaintiff filed objections to the R&R, ECF No. 28, and Defendants filed a reply, ECF No. 29. On August 25, 2020, the Court overruled Plaintiff's objections, adopted the R&R in its entirety, and granted Defendants' motion for summary judgment. ECF No. 30 ("Order").

On September 30, 2020, Plaintiff filed his notice of appeal to the Ninth Circuit. ECF No. 32. The Ninth Circuit determined that it lacked jurisdiction over the appeal because the notice of appeal was not filed within 30 days after the Court's judgment entered on August 25, 2020. *See* ECF No. 36. The Ninth Circuit dismissed the appeal for lack of jurisdiction. ECF No. 37.

On April 12, 2021, Plaintiff filed the present motion seeking reconsideration of the Court's Order overruling Plaintiff's objections, adopting the R&R, and granting Defendants' motion for summary judgment. ECF No. 39.

## LEGAL STANDARD

Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

"Although the application of Rule 60(b) is committed to the discretion of the district courts . . ., as a general matter, Rule 60(b) is remedial in nature and must be liberally applied." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695–96 (9th Cir. 2001) (internal quotation marks and ellipsis omitted). Nevertheless, Rule 60(b) provides for

extraordinary relief and may be invoked only upon a showing of "exceptional circumstances." *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1994).

## ANALYSIS

Plaintiff seeks reconsideration of the Court's August 25, 2020 Order, wherein the Court overruled Plaintiff's objections, adopted Magistrate Judge Lopez's R&R, and granted Defendants' motion for summary judgment. The Court found in the Order that Plaintiff failed to exhaust his administrative remedies. Order at 4.

In Plaintiff's Motion for Reconsideration, Plaintiff claims that his access to the courts have been obstructed due to "severe library staff shortages," "social distancing guidelines due to COVID 19," "changing protocols by administration due to the pandemic," "waiting period dating back to August 2020" for law library access, and "unoperable" law library computers. Mot. at 2 (emphasis omitted). Plaintiff argues that "due to these reasons[,] Plaintiff was unable to timely file this petition." A motion pursuant to Rule 60 may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Plaintiff filed the present Motion on April 12, 2021, which was less than eight months after the Order was entered. Given the circumstances, the Court finds Plaintiff's motion was filed within a reasonable time. Therefore, Plaintiff's present motion is timely, and the Court will consider Plaintiff's arguments on the merits.

Plaintiff argues that "incidental should not deny Plaintiff of his constitutional right to petition the Court and obtain redress to his grievance from the Court." Mot. at 2. Plaintiff contends that "it was an incidental act that brought forth an unexhausted administrative remedy claim" and "Plaintiff clearly thought his administrative remedy had been exhausted[.]" *Id.* Plaintiff claims that he "would have submitted his grievance to the third level of appeal had he not incidentaled [sic] in believing that: 1. First level of appeal did not address his grievance thus, he must go to the second level of appeal to have his grievance addressed. 2. Second level of appeal addressed his grievance thus, his grievance is now exhausted." *Id.* at 3 (emphasis omitted). Plaintiff requests the following relief:

"nullification of the order granting Defendants' motion for summary judgment," "a stay," an order to the "State of California Department of Corrections and Rehabilitation to accept Plaintiff's grievance on the third level of appeal," an order to Plaintiff "to submit his grievance to the third level of appeal," and finally an order for "Plaintiff to return to the United State District Court when he can show exhaustion of his administrative remedy." *Id.*

Nothing in Plaintiff's Motion shows or even plausibly suggests the Court's August 25, 2020 Order is subject to question based on the existence of newly discovered evidence, fraud by the opposing party, or any mistake committed by the Court. *See generally Bynoe v. Baca*, 966 F.3d 972 (9th Cir. 2020) (discussing the circumstances that may justify reopening a final judgment under Rule 60(b)). Plaintiff has not presented any newly discovered evidence. *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011). "Evidence is only newly discover[ed] if it was in fact previously unavailable—i.e. the party asserting the evidence, acting with reasonable diligence, could not have previously discovered the evidence." *Vasquez v. City of Idaho Falls*, 2018 WL 1123865, at *3 (D. Idaho 2018) (citing *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)). Although Plaintiff did not previously understand how to administratively exhaust his claims, this information was discoverable through "reasonable diligence." Nor has Plaintiff demonstrated that "the district court committed clear error or made an initial decision that was manifestly unjust, or . . . [that] there [was] an intervening change in controlling law." *Id.*

Plaintiff has failed to provide any factual or evidentiary support for any basis under Rule 60(b) that would justify vacating the Court's Order. A motion for reconsideration cannot be granted merely because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent, or because he disagrees with the ultimate decision. *See* 11 Charles Alan Wright & Arthur R. Miller Federal Practice & Procedure § 2810.1 (3d ed.) ("[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."). A party seeking reconsideration must show "more than a disagreement with the Court's decision, and recapitulation of the

cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). Plaintiff has failed to carry his burden of demonstrating that the Court should employ this extraordinary remedy.

## CONCLUSION

Because Plaintiff does not seek to vacate the Court's judgment in this case based on any mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or other reason justifying relief pursuant to Rule 60(b), the Court **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 39).

**IT IS SO ORDERED.**

Dated: April 27, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge